IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 6, 2012 at Jackson

**RICKY THOMAS HUGHES v. DAVID SEXTON, WARDEN**

**Appeal from the Criminal Court for Davidson County**
**No. 98-C-2298      Cheryl Blackburn, Judge**

**No. M2011-00127-CCA-R3-HC - Filed May 10, 2012**

The petitioner, Ricky Thomas Hughes, appeals the Davidson County Criminal Court's summary dismissal of his petition for writ of habeas corpus, arguing that he is entitled to habeas corpus relief from his especially aggravated robbery conviction because the victim died instantly rather than suffering a serious bodily injury. Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Ricky Thomas Hughes, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS and PROCEDURAL HISTORY**

On May 12, 1999, the petitioner was convicted by a Davidson County Criminal Court jury of especially aggravated robbery and facilitation of first degree felony murder, for which he subsequently received an effective sentence of fifty years in the Department of Correction. On direct appeal, the petitioner raised thee issues, including whether the evidence was sufficient to sustain his convictions. This court affirmed his convictions, and our supreme court denied his application for permission to appeal. State v. Ricky T. Hughes, No. M2000-01846-CCAM-R3-CD, 2002 WL 1033340, at *1 (Tenn. Crim. App. May 21, 2002), perm.

to appeal denied (Tenn. Nov. 12, 2002).

The petitioner subsequently filed a petition for post-conviction relief, which was denied by the post-conviction court, in which he alleged that he received ineffective assistance of counsel and that his sentences were illegal under Blakely v. Washington, 542 U.S. 296 (2004). This court affirmed the judgment of the post-conviction court, and our supreme court once again denied the petitioner's application for permission to appeal. Ricky Thomas Hughes, II v. State, No. M2004-01273-CCA-R3-PC, 2005 WL 1378773, at *1 (Tenn. Crim. App. June 9, 2005), perm. to appeal denied (Tenn. Dec. 12, 2005).

The petitioner next filed a petition for writ of habeas corpus in which he alleged that his sentences were void because they violated the dictates of Blakely. This court affirmed the habeas court's denial of the writ, and our supreme court denied the petitioner's application for permission to appeal. Ricky Thomas Hughes v. Roland Olson, Warden, No. M2008-00931-CCA-R3-HC, 2008 WL 3452782, at *1 (Tenn. Crim. App. Aug. 13, 2008), perm. to appeal denied (Tenn. Dec. 8, 2008). Apparently, the petitioner followed with a petition for writ of certiorari in which he raised similar Blakely claims. The petition was denied by the trial court in an order entered on May 13, 2010.

Finally, on August 20, 2010, the petitioner filed the petition for writ of habeas corpus at issue in this case, alleging that his especially aggravated robbery conviction was illegal and void because an element of the offense requires that the victim suffer serious bodily injury, which does not include death. On November 22, 2010, the habeas court entered an order dismissing the petition on the basis that the petitioner's allegations did not entitle him to habeas corpus relief. This appeal followed.

## ANALYSIS

The petitioner argues on appeal that the habeas court erred in denying his petition because "the offense of especially aggravated robbery could not have occurred as the victim died almost immediately from the injury received after the robbery was committed." The State argues that the summary dismissal of the petition was proper because the petitioner failed to demonstrate either a void judgment or an illegal sentence. We agree with the State.

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

We conclude that summary dismissal of the petition was appropriate. As an initial matter, we note that the habeas court could have summarily dismissed the petition on the basis that the petitioner failed to comply with the mandatory requirements for habeas corpus petitions, which includes that the petition shall state, among other things, "That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." Tenn. Code Ann. § 29-21-107(b)(4). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. See Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004). A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260. Here, the petitioner erroneously stated that the petition was "relator's first application for the writ of habeas corpus."

Regardless, we agree with the habeas court that the petitioner's allegations regarding the statutory elements of his offense of especially aggravated robbery do not entitle him to habeas corpus relief. We, therefore, affirm the summary dismissal of his latest petition.

## CONCLUSION

We conclude that the petitioner's allegations do not entitle him to habeas corpus relief. Accordingly, we affirm the summary dismissal of his petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE